(No. 15426.—Judgment reversed.)

THE CITIZEN'S COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN SHY-MANSKY, Defendant in Error.)

*Opinion filed October 20, 1923.*

WORKMEN'S COMPENSATION—*when award cannot be sustained.* An award for accidental injury cannot be sustained where the uncontradicted evidence at the hearing shows that applicant's disability is due to a long-standing, chronic, organic infectious disease and that the alleged accident was neither an original nor an aggravating cause of the applicant's disability.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MURPHY & LONDRIGAN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, John Shymansky, applied to the Industrial Commission for adjustment of his claim for an accidental injury alleged to have been suffered while in the employment of the plaintiff in error in its mine. The Industrial Commission awarded $12 per week for 291 weeks for total temporary incapacity for work. The circuit court of Sangamon county set aside the award and remanded the application to the commission. There was a hearing under the remanding order, and the commission awarded compensation of $12 a week for 72 weeks for temporary total incapacity and $6 per week for 344 weeks for partial incapacity. On a writ of *certiorari* from the circuit court the award was confirmed, and this court allowed a writ of error.

On the first hearing, on September 20, 1920, before an arbitrator, the applicant, John Shymansky, testified that on February 15, 1920, while working in the coal mine of the plaintiff in error, he pushed a car which was standing on a switch-track and it slipped back and hurt him in his back; that he finished loading the car and went home and the third day sent for a doctor, who treated him; that afterward he was treated by Dr. Don Deal, and that before the injury his back was in good condition and since that time he had suffered pain and could not lift anything. Dr. G. W. Staben, who treated the applicant three days after the injury, testified that he complained of pain in his back due to pushing a car, and that some time later, upon a call at the house of the applicant to see how he was getting along, he told the doctor that he had been sick and had influenza following the injury. Dr. Deal, who later treated the applicant, testified that he complained of pain in his back; that an X-ray picture was taken showing a lipping or extension of the bones of the back from an old infection, which had

been going on for years and would cause pain; that there were no external signs of any injury and the applicant had a very trivial injury, which could not have had anything to do with the pain; that the condition of the back was due to an old low-grade infection, and the injury had nothing to do with the existing condition. The review before the commission was on April 26, 1921, when the applicant testified that he had pain in his back, was lame and was getting worse; that his back was stiff and sore and he had not done any work. Dr. Deal testified that he had the X-ray picture taken within sixty days after the alleged injury and that he examined the applicant on April 19, 1921; that the X-ray showed arthritis of long standing, causing a lipping of the vertebræ in the lower spine, which would account for the pain, and that the condition was progressive and the injury produced no change. At the hearing on the remanding order, on April 10, 1922, the applicant again testified that he was not doing anything and the trouble in his back was getting worse. Dr. R. F. Herndon testified that he examined the applicant on April 6, 1922, and found him a well developed and well nourished man of sixty-two; that the applicant located his pain over the third, fourth and fifth lumbar vertebræ; that a radiograph showed marked osteoarthritis changes over the twelfth dorsal and the lumbar vertebræ; that the changes had practically obliterated the articular surfaces; that there was a marked spur formation and the applicant's condition was not related to the accident; that there was no connection between the accident and any disability that could have resulted therefrom, and that arthritis is a chronic, organic, infectious process, with gradual inflammation of the bone. He testified that comparing the X-ray pictures taken by Dr. Deal shortly after the accident with the X-ray taken a few days before the hearing the condition was more marked, as it would naturally be. He said the accident described would not produce the disability and would not cause or contribute in any way to it and that the

applicant would not be more susceptible to injury on account of it.

The uncontradicted evidence at each hearing was that the disability of the applicant resulted from a long-standing chronic, organic, infectious disease causing gradual changes in the spine, and that the alleged accident was neither an original nor aggravating cause of the applicant's disability.

The judgment of the circuit court is reversed,

*Judgment reversed.*